S. Lane Tucker (Bar No. 0705011)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501-1959
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
lane.tucker@stoel.com

Anthony J. Calamunci (OH Bar No. 63937)
FISHERBROYLES, LLP
6800 West Central Avenue, Ste. E
Toledo, Ohio 43617
*Admission pro hac vice pending*

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BERNIE'S PHARMACY, INC., an Alaskan Corporation<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN DRUG CORPORATION, a Delaware Corporation<br><br>　　　　　　　　　　　Defendant. | Case No. 3:18-cv-00183-TMB |

## **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

### Introduction

1. Plaintiff Bernie's Pharmacy, Inc. ("Bernie's") brings this suit seeking declaratory judgment, injunctive relief, and other damages arising out of an unlawful refusal to provide pharmaceutical products to Bernie's by Defendant AmerisourceBergen Drug Corporation ("Defendant") despite a Prime Vendor Agreement ("PVA") that requires

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 1
97950147.3 0068415-00001

Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 1 of 16

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

Defendant to provide the ordered pharmaceuticals through at least November 30, 2018. A true and accurate copy of the PVA is attached hereto as Exhibit 1.

2. Defendant's threat to abruptly discontinue providing pharmaceutical supplies to Bernie's as of August 17, 2018 threatens both Bernie's existence as a going concern as well as public safety and the well-being of the many patients who rely upon Bernie's for prescription medications.

3. Bernie's is a committed and safe community pharmacy. It has provided vital and necessary care to Alaskans since 1980 through a multi-faceted approach to compliance, safety, and customer service.

4. On June 28, 2018, Defendant provided a termination letter to Bernie's advising that termination of "the sales of all controlled substances and listed chemicals" would take effect in ten (10) business days due to some ill-defined "concerns" about Bernie's recent history of purchasing certain opioid products. A true and accurate copy of the letter dated June 28, 2018 is attached hereto as Exhibit 2.

5. Roughly a month earlier, Defendant had sent a letter to Bernie's noting that "the elevated percentage of opioid purchasing" by Bernie's "may place both [Defendant] and your pharmacy at risk for regulatory action by state and/or federal agencies." A true and accurate copy of the letter dated May 23, 2018 is attached hereto as Exhibit 4.

6. Notably, no state or federal agency has ever taken – or threatened to take – any regulatory action against Bernie's due to the pharmaceutical products it purchases. Rather, it appears that Defendant chose to breach the PVA due to unfounded fears that Bernie's delivery of prescribed medications could eventually prompt some unidentified regulator to take some unknown action at some uncertain point in time.

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 2
97950147.3 0068415-00001
Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 2 of 16

7. Defendant did not, and does not, contend that Bernie's violated any law or regulation with respect to the medications that it purchased from Defendant. Nor did Defendant offer any coherent explanation for how Defendant's purchase of these prescribed medications would constitute a breach of any duties under the PVA.

8. Following Bernie's complaints that Defendant's proposed termination of the PVA was improper and premature, Defendant postponed the termination deadline August 17, 2018. A true and accurate copy of the emails extending the termination deadline to August 9, 2018, and then August 17, 2018, are attached hereto as Exhibit 3. As reflected in the correspondence, Defendant plans to refuse to sell any controlled substance medications as of August 17, 2018. So, while the entire PVA may not be terminated, one of its essential features will be.

9. Defendant has not identified any facts that allow a termination of the PVA, and there are none. There is no valid basis for Defendant's decision to terminate the PVA abruptly more than three months before its expiration date.

10. If the termination is not preliminarily enjoined, Bernie's will be a pharmacy without vital pharmaceuticals. Bernie's will be unable to provide core services to the patients and medical providers who have relied on Bernie's to deliver essential pain medication and other prescribed health medicines. It is highly likely that Bernie's would permanently lose customers, its reputation would suffer, and its business would quickly be destroyed.

11. Further, Defendant's refusal to deliver these medications would put Bernie's in violation of certain contractual duties to provide a level of care to customers. Bernie's would be forced to provide written notice to certain insurance carriers and pharmacy benefit managers that Bernie's was unable to fulfill prescriptions, effectively driving these

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 3 -
97950147.3 0068415-00001

Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 3 of 16

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

customers to competitor pharmacies and forever tainting Bernie's reputation. This bell cannot be un-rung.

12. All traditional factors for granting injunctive relief are present here. Bernie's is likely to prevail on the merits of its claims because Defendant has no valid basis for breaching its obligations to provide medications under the PVA.

13. Bernie's is likely to sustain irreparable harm in the absence of injunctive relief. Should Defendant withhold the sale of prescription drugs to Bernie's, irreparable harm will occur to Bernie's, its employees, Alaskan citizens, and those that depend upon Bernie's to provide medication and the accompanying care and treatment.

14. Furthermore, given that Bernie's has complied with its obligations while Defendant has not, the balance of the equities tips in favor of Bernie's. The public interest also favors injunctive relief because it will permit a law-abiding pharmacy to deliver prescribed medications to patients and medical providers who need these products to control pain and assist with other health-related issues.

## Jurisdiction and Venue

15. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

16. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b) as all events giving rise to this suit occurred and will occur in and around Anchorage, Alaska.

## Parties

17. Bernie's is an Alaskan corporation in good standing created in 1980. It is an independent pharmacy founded by fifth generation Alaskan, Bernie Klouda, that provides much

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 4
97950147.3 0068415-00001

Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 4 of 16

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

needed pharmaceutical products for Alaskans beyond those available in a "chain" pharmacy such as Walgreens or Fred Meyer. Bernie's prides itself on working directly with medical caregivers to help manage patient pain – whether that be acute or chronic.

18. Defendant is a Delaware corporation with its principal place of business in Pennsylvania. Defendant ranked #11 on the Fortune 500 with more than $150 billion in annual revenue. It connects drug manufacturers with healthcare providers, including pharmacies, and prides itself on shaping healthcare delivery through distribution excellence. Specifically, Defendant notes that the "full-line and specialty distribution services…ensure that crucial medications efficiently, reliably and securely reach their destinations every day." Defendant also stresses that it "help[s] pharmacies optimize their business operations and strengthen their position as centers of community-based healthcare."[1]

**Opioids and Pharmacies**

19. The Food and Drug Administration approves opioid-based pain medicines based on the criteria that the drugs' benefits outweigh their risks.

20. When used responsibly, opioids provide essential pain relief for a wide variety of patients.

21. The U.S. Drug Enforcement Agency ("DEA") sets and monitors total supply of prescription opioids in the United States.

22. Licensed physicians prescribe prescriptions for opioids which are dispensed by pharmacists licensed by the DEA who must obtain opioids from distributors.

23. The DEA sets the amount of opioid drugs that can be produced and sold in the United States annually.

---

[1] https://www.amerisourcebergen.com/abcnew/ (Visited August 3, 2018.)

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp.*, Case No. 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 5
97950147.3 0068415-00001

24. A number of responsible physicians prescribe opioids from time to time for patients to help control pain and assist with other symptoms.

25. A number of responsible pharmacies fill these prescriptions and help police the potential misuse of the drugs.

26. Filling valid prescriptions for legitimate medical needs is one of a pharmacy's core duties. While pharmacies must take care not to permit the misuse of opioids, there has been no allegation by Defendant or any regulatory agency that Bernie's has done so here.

### Bernie's Relationship with Defendant

27. Defendant is one of the few large corporations that distributes pharmaceuticals in the United States and it does so by coordinating the logistics for the safe and secure distribution of all medications.

28. As a distributor of pharmaceuticals, Defendant does not manufacture, market, prescribe, or dispense medications.

29. Defendant cannot make medical determinations regarding patient care or provider prescribing as it has no access to patient information, nor is it qualified to question a licensed physician's recommended treatment plan for a patient, including authorized prescriptions.

30. Plaintiff and Defendant maintained a historical symbiotic relationship. The defendant profited from Bernie's—in fact its entire business model is sustained by its relationships with the pharmacies like Bernie's—and Bernie's absolutely needs the services and supply of a wholesaler to sustain its business.

31. Bernie's relies on Defendant's well-trained team to provide services in support of its operation, maximize receivables and impact cash flow, manage inventory, and provide

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 6
97950147.3 0068415-00001

front-end and patient-facing solutions, as well as business operations solutions to help reduce expenses,

32. Nearly every prescription medicine available in the United States moves through distributors who purchase drugs from pharmaceutical manufacturers and sell them to pharmacies.

33. Defendant does not manufacture drugs, nor does it provide the drugs directly to patients.

34. Defendant reports the quantity and details of every order of opioid-based medication ordered by Bernie's directly to the DEA on a daily basis.

35. Bernie's is committed to providing patient continuity of care with medication management and accomplishes this through relationships with prescribing health care professionals as well as the implementation of compliance initiatives, safety mechanisms, and customer service.

36. Geographically, for the last fifteen years, Bernie's has been in the same building as the largest pain clinic in the State of Alaska and eight of Bernie's top ten opioid prescribers are practitioners in this practice that is right down the hall.

37. Bernie's has a regular dialogue with all prescribers to ensure patients use their medications, whether opioids or not, in compliance with physician directives.

38. This dialogue has included the discontinuance and refusal to fill prescriptions for patients that Bernie's believes are not in compliance with physician orders.

39. Bernie's depends on distributors to obtain its pharmaceutical supply as manufacturers do not typically sell directly to independent pharmacies.

40. Bernie's has been a loyal customer of Defendant for roughly thirty years.

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 7
97950147.3 0068415-00001

Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 7 of 16

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

41. Bernie's is licensed and registered with the DEA and the Alaska Board of Pharmacy and is in good standing with both.

42. Bernie's opioid prescribers are required to be registered with the DEA.

43. On December 1, 2015, Bernie's entered the most recent PVA with Defendant whereby Defendant agreed to be Berne's Prime Vendor for the term of the PVA and Bernie's agreed to purchase at least 95% of the total dollar amount of all prescription medications from Defendant. *See* Ex. 1, Section 1.

44. The term of the PVA was defined to end on November 30, 2018 whereby it would continue month-to-month until a party gives the other 90 days' written notice. *See* Ex. 1, Section 10.

45. On or about May 23, 2018, Defendant requested that Bernie's provide information related to opioid purchases which was, in turn provided to Defendant on June 15, 2018. A true and accurate copy of Bernie's June 15, 2018 correspondence is attached hereto as Exhibit 5.

46. On June 28, 2018, Defendant stated it would cut off Bernie's supply of prescription medications to meet prescription needs in ten business days due to alleged concerns "regarding the elevated purchasing of opioid products" by Bernie's. *See* Ex. 2.

47. Defendant later extended the date that it would stop providing pharmaceuticals to Bernie's to August 17, 2018. *See* Ex. 3.

48. Defendant has refused to comply with the Term as outlined in the PVA requiring the provision of pharmaceutical sales by Defendant to Bernie's until November 30, 2018 or further extend the termination date.

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 8
97950147.3 0068415-00001
Case 3:18-cv-00183-TMB    Document 1    Filed 08/08/18    Page 8 of 16

49. Review of Defendant's concerns that form the entire basis for termination is that "in recent months between 25%-50% of all pharmacy purchases of Rx products in dosing units were represented by opioids. That percentage significantly exceeds the ratio we typically see in similarly situated pharmacies, which is approximately 9% of all Rx Sales." Ex. 4.

50. The concerns expressed by Defendant in no way address any wrongdoing or breach of the PVA.

51. The concerns expressed by Defendant do not give rise to any basis to terminate the contract.

52. Bernie's has repeatedly met and satisfied all requirements of the PVA.

### Irreparable Harm to Bernie's

53. Defendant's wrongful termination of Bernie's will result in irreparable harm by destroying the reputation and goodwill of Bernie's, eliminating Bernie's viability, causing disruption to employment of sixteen full-time employees (and another two part-time employees) and their families, disrupting prescriber care and treatment, and separating Alaskans from their properly obtained and prescribed medical treatment regimens.

54. Bernie's provides services for many patients, prescribers, and employees who depend upon their prescribed medications, supply of which is mandated to be provided by defendant to Bernie's pursuant to the PVA through November 30, 2018.

55. Defendant's unsubstantiated and improper refusal to provide prescription product pursuant to the terms of the PVA violates the very terms of the contract and will result in

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 9
97950147.3 0068415-00001

Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 9 of 16

an immediate diversion of clientele, stigma and loss of goodwill, an inability to service patients and prescribers, and an eliminated need for employees.

56. Furthermore, Bernie's reputation in the community, with prescribers and patients will be permanently damaged. Bernie's inability to provide prescription medication – the fundamental and essential foundation for success of any pharmacy – will also have a domino effect on Bernie's relationship with other third-party vendors, oversight agencies including the DEA and Alaska Board of Pharmacy, as well as accrediting agencies, at a minimum. The destruction of these extrinsic relationships will secure Bernie's elimination from existence.

57. Bernie's has no adequate remedy at law which can compensate it for the irreparable injury that will ensue it Defendant's attempted termination of Bernie's set to take effect on August 17, 2018 is not enjoined.

## COUNT I

### Declaratory Judgment that Defendant Must Act as Bernie's Prime Vendor and Provide at Least 95% of All Prescription Orders Through November 30, 2018

58. Bernie's realleges and reincorporates its allegations in paragraphs 1 through 57 as if fully set forth herein.

59. Bernie's and Defendant have a valid PVA governing the relationship between the parties. *See* Ex. 1.

60. There is a dispute as to the terms, obligations, duties, rights, and responsibilities under the PVA.

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 10
97950147.3 0068413-00001
Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 10 of 16

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

61. Bernie's respectfully requests that this Court declare the parties' rights and obligations pursuant to the PVA, including Defendant's obligation to supply certain pharmaceutical products to Bernie's through November 30, 2018.

## COUNT II

### Breach of Contract

62. Bernie's realleges and reincorporates its allegations in paragraphs 1 through 61 as if fully set forth herein.

63. Bernie's and Defendant have a relationship under the PVA that has been breached by Defendant.

64. Defendant's unequivocal statement that it refuses to deliver ordered pharmaceuticals to Bernie's after August 17, 2018, is not warranted, proper, or permitted under the PVA.

65. The PVA mandates that Defendant "will be" Bernie's main provider or "Prime Vendor" from December 1, 2015 until November 30, 2018.  Ex. 1, Section 1.

66. Bernie's is required to purchase "at least 95% of the total dollar amount" of all ordered pharmaceuticals from Defendant.  Ex. 1, Section 1.

67. Bernie's and Defendant are permitted to terminate the PVA for cause upon bankruptcy, overdue payment, a failure to perform a material obligation under the PVA so long as the failure occurs for at least 30 days after receiving notice of the failure, or a change in control of Bernie's.  Ex. 1, Section 10.

68. Neither Bernie's nor Defendant have committed any of the acts that provide a basis for termination under the PVA.

69. Defendant's refusal to provide pharmaceuticals after August 17, 2018 is a breach of Defendant's obligations under the PVA.

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 11

70. As Bernie's Prime Vendor, Defendant's refusal to provide Bernie's with ordered pharmaceuticals is a violation of the PVA.

71. Defendant's refusal will deprive Bernie's of is ability to provide prescription drugs to patients, service the community, and continue partnerships with prescribers.

72. Bernie's has fully performed all material obligations under the PVA.

73. As a direct and proximate result of the breaches under the PVA by Defendant, Bernie's has and will continue to be damaged.

74. Defendant does not have any cause, basis, or justification to refuse to provide medication to Bernie's on or after August 17, 2018.

75. The harm to Bernie's from Defendant's improper refusal to provide pharmaceuticals will be irreparable as existing customers will be forced to scramble to explore limited options to fill prescription needs; have to geographically travel further; lose the long-standing care, relationship and services provided by Bernie's to patients; and lose the continuity of care provided by Bernie's in conjunction with patients and their respective providers.

76. Once Bernie's is unable to fill the prescription needs of patients, the very basis for the business will be non-existent and Bernie's reputation will be harmed among health care providers, patients, customers, potential future customers, and the general community; existing patients will have their continuity of care interrupted; Bernie's relationships with providers over ongoing care and treatment regimens will be eliminated; Bernie's will no longer be able to keep 19 people and their families that rely upon that income employed; and the business – a pharmacy – will be decimated by its complete inability to receive pharmaceuticals from its Prime Vendor distributor.

### COUNT III

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 12

Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 12 of 16

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

## Breach of Implied Duty of Good Faith and Fair Dealing

77. Bernie's realleges and reincorporates its allegations in paragraphs 1 through 76 as if fully set forth herein.

78. Defendant has an obligation to carry out the PVA in good faith and deal fairly with Bernie's.

79. Upon information and belief, Defendant is refusing to sell pharmaceuticals to Bernie's on improper assumptions and conclusions and without any right under the contract.

80. Despite repeated requests, Defendant is refusing to honor its obligations under the PVA.

81. Defendant is not acting in good faith and is using improper and inaccurate assumptions, findings, assertions, conclusions, and information to stop the provision of pharmaceuticals to Bernie's.

82. Bernie's is damaged by Defendant's actions.

## COUNT IV

## Tortious Interference

83. Bernie's realleges and reincorporates its allegations in paragraphs 1 through 82 as if fully set forth herein.

84. Defendant has knowledge of the business relationships between Bernie's and its patient base, prescribers, and the general community.

85. Defendant has knowledge of Bernie's expectancy that it would maintain its business relationships with its patient base, prescribers, and the general community based on the fact that Bernie's has invested substantial resources in developing and maintaining those relationships and been an integral part of the Anchorage community for over three decades.
STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 13

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

86. Defendant also has knowledge of the business relationships and contracts between Bernie's and Pharmacy Benefits Managers. Defendant's refusal to satisfy its contractual obligations with Bernie's will cause Bernie's to breach its arrangements with these Pharmacy Benefits Managers because Bernie's cannot provide the promised services without a supply of pharmaceuticals.

87. Despite having knowledge of these business relationships, Defendant has tortiously interfered with such business relationships, without justification or excuse, in a manner both willful and intentional, without justification or excuse.

88. As a result of the actions of Defendant, Bernie's has been injured and faces irreparable harm.

89. Bernie's is threatened with losing business, income, viability, goodwill, and community relationships.

90. Defendant's actions have and continue to cause damage to Plaintiff.

## COUNT IV

### Injunction

91. Bernie's realleges and reincorporates its allegations in paragraphs 1 through 90 as if fully set forth herein.

92. In violation of the PVA, Defendant is refusing to distribute pharmaceuticals to Bernie's after August 17, 2018.

93. Defendant's wrongful refusal will, unless restrained by this Court, cause irreparable injury to Bernie's business including, but not limited to an inability to provide prescriptions for customers, undermine the sustainability of the business, eliminate any need for ongoing employment for 19 Alaskans, destroy ancillary service provider

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 14
97950147.3 0068413-00001
Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 14 of 16

relationships held by Bernie's to conduct its business, and decimate the reputation of Bernie's for which there is no adequate remedy at law.

94. Defendant's wrongful conduct proximately caused loss to Bernie's in an amount to be determined at trial as well as an amount that cannot be financially recovered and for which the only recovery is injunctive relief.

WHEREFORE, Bernie's respectfully requests that this Court enter judgment in its favor against AmerisourceBergen Drug Corporation and preliminarily enjoin AmerisourceBergen Drug Corporation as follows:

A. Issue a temporary restraining order, and, after a hearing, a preliminary injunction to be made permanent on final judgment prohibiting Defendant AmerisourceBergen Drug Corporation from refusing to provide pharmaceuticals pursuant to the terms of the PVA;

B. A declaration of the rights and responsibilities of the parties under the PVA;

C. Restrain and enjoin the Defendant, its officers, agents, employees and members, and all persons acting in concert with it, from any activity which is intended to dispute or interfere with the normal operations of Bernie's;

D. An award to Bernie's for damages suffered, including but not limited to lost profits, in an amount to be proven at trial;

E. An award of attorneys' fees and costs of this action;

F. An award of compensatory and punitive damages;

G. An award of pre-judgment interest; and

H. Grant such other further relief as this Court deems just and equitable.

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp., Case No.* 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 15

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
*Main (907) 277-1900 Fax (907) 277-1920*

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 Fax (907) 277-1920

Dated this 8th day of August, 2018

By: /s/ S. Lane Tucker
S. Lane Tucker (Bar No. 0705011)

*Counsel for Bernie's Pharmacy, Inc.*

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) August 8, 2018.

Signature: /s/ Teresa E. Hall

Print Name: Teresia E. HALL

*Bernie's Pharmacy, Inc. v. AmerisourceBergen Drug Corp.*, Case No. 3:18-cv-00183-TMB
Verified Complaint for Declaratory Judgment and for TRO and Injunctive Relief
- 16
97950147.3 0068419-00001

Case 3:18-cv-00183-TMB   Document 1   Filed 08/08/18   Page 16 of 16